IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CYRUS GHARIB,

    Petitioner,

v.                                                       CASE NO. 22-3258-JWL-JPO

D. HUDSON, Warden,
USP-Leavenworth,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. Petitioner challenges his designation as a career offender. The Court has screened his Petition (Docs. 1, 2) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

**Background**

Petitioner was sentenced to a 151-month term of imprisonment in the Eastern District of Texas on February 29, 2016. *See Gharib v. United States*, Civil Action No. 4:17cv56, 2019 WL 438399, at *1 (E.D. Tex. Jan. 28, 2019), *adopted by* 2019 WL 426824 (E.D. Tex. Feb. 4, 2019). Petitioner did not file a notice of appeal. *Id*. On January 25, 2017, Petitioner filed a § 2255 motion in the Eastern District of Texas claiming that he was no longer a career offender in light of an intervening change in the law. *See id*. The motion was dismissed with prejudice on February 4, 2019. On October 1, 2019, the United States Court of Appeals for the Fifth Circuit upheld the decision and denied a Certificate of Appealability. Petitioner alleges that his current release date is December 10, 2024. (Doc. 2, at 3.)

1

On October 14, 2022, Petitioner filed the instant petition under 28 U.S.C. § 2241, arguing that his prior conviction does not qualify him for the career offender sentence enhancement in light of the decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017).[1]  (Doc. 1, at 6.)  Petitioner argues that based upon cases that were decided after his conviction became final, his prior conviction is no longer a "controlled substance offense," and therefore he is being illegally detained.  (Doc. 2, at 4.)  Petitioner asks the Court to grant him relief from his illegal detention or to hold this matter in abeyance pending the United States Supreme Court's ruling in *Jones v. Hendrix*, Case No. 21-857.  (Doc. 1, at 8.)  Petitioner invokes the savings clause of § 2255(e), arguing that § 2255 is inadequate or ineffective to test the legality of his detention. (Doc. 2, at 2.)

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims.  Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10th Cir. Oct. 5, 2017) (unpublished) (finding that whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir.

---

[1] In addressing Petitioner's § 2255 motion, the court noted that:

> In *Mathis*, the Supreme Court issued a decision extending the reasoning in *Johnson* to Iowa's burglary law. The Court found that "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary, [his] convictions under that law cannot give rise to an ACCA sentence." *Mathis*, 136 S.Ct. at 2257. Then, on August 11, 2016, the Fifth Circuit applied *Mathis* to a Texas statute prohibiting delivery of a controlled substance and determined that the crime was not a "controlled substance offense" as defined in the career offender guidelines, U.S.S.G. § 4B1.2. *Hinkle*, 832 F.3d at 572-77. The Fifth Circuit next applied *Mathis* to the Texas crime of possession with intent to deliver a controlled substance. *Tanksley*, 848 F.3d at 349-52.

*Gharib*, 2019 WL 438399, at *2.

2013)).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (stating that "the fact that Mr. Prost or his counsel may not have *thought* of a *Santos*-type argument earlier doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an argument"). "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id*. (emphasis in original). "That a procedural bar or low likelihood of success

makes a § 2255 remedy extremely unlikely does not suffice under the test." *Wills v. Barnhart*, 2022 WL 3041098, at *5 (10th Cir. Aug. 2, 2022) (unpublished).

The touchstone inquiry to determine whether the remedy under § 2255 is inadequate or ineffective is "whether [his] argument challenging the legality of his detention could have been tested in [his] initial § 2255 motion." *Id*. (quoting *Prost*, 636 F.3d at 584). Petitioner not only could have, but did in fact, challenge the legality of his detention through a § 2255 motion, which was denied. Petitioner raised the same argument in his § 2255 motion that he raises in his § 2241 petition. *See Gharib*, 2019 WL 438399, at *2 ("Gharib argues that he is entitled to relief based on an extension of *Johnson* in *Mathis v. United States*, 579 U.S.___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017)."). "Any argument that this denial was erroneous 'does not render the procedural mechanism Congress provided for bringing that claim . . . an inadequate or ineffective *remedial vehicle* for *testing* [the claim's] merits within the plain meaning of the savings clause.' " *Dembry v. Hudson*, 796 F. App'x 972, 975 (10th Cir. 2019) (unpublished) (quoting *Prost*, 636 F.3d at 590).

When a petitioner is denied relief on his first motion under § 2255, he cannot file a second § 2255 motion unless he can point to either "newly discovered evidence" or "a new rule of constitutional law," as those terms are defined in § 2255(h). *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013) (unpublished) (citing *Prost*, 636 F.3d at 581). All three of the cases Petitioner relies on were in existence and were relied on in his first § 2255 motion. Furthermore, Petitioner acknowledges that the decision in *Mathis* is a new interpretation of statutory law. (Doc. 1, at 5.) The AEDPA "did not provide a remedy for second or successive § 2255 motions based on intervening judicial interpretations of statutes." *Abernathy v. Wandes*, 713 F.3d 538, 547

4

(10th Cir. 2013), *cert. denied* 134 S. Ct. 1874 (2014).

Preclusion from bringing a second motion under § 2255(h) does not establish that the remedy in § 2255 is inadequate or ineffective. Changes in relevant law were anticipated by Congress and are grounds for successive collateral review only under the carefully-circumscribed conditions set forth in § 2255(h). The Tenth Circuit has rejected an argument that the "current inability to assert the claims in a successive § 2255 motion—due to the one-year time-bar and the restrictions identified in § 2255(h)—demonstrates that the § 2255 remedial regime is inadequate and ineffective to test the legality of his detention." *Jones v. Goetz*, No. 17-1256, 2017 WL 4534760, at *5 (10th Cir. 2017) (unpublished) (citations omitted); *see also Brown v. Berkebile*, 572 F. App'x 605, 608 (10th Cir. 2014) (unpublished) (finding that petitioner has not attempted to bring a second § 2255 motion, and even if he were precluded from doing so under § 2255(h), that "does not establish the remedy in § 2255 is inadequate") (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) and *Prost*, 636 F.3d at 586). If § 2255 could be deemed "inadequate or ineffective" "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction—subsection (h) would become a nullity, a 'meaningless gesture.'" *Prost*, 636 F.3d at 586; *see also Hale*, 829 F.3d at 1174 ("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost*, satisfy § 2255(e), and § 2241 review must be denied.").

Even if the cases Petitioner relies on had not been in existence when he filed his first § 2255 motion, that would not render the remedy in § 2255 inadequate or ineffective. This Court is bound by Tenth Circuit precedent which addresses the question of "whether a new Supreme Court decision interpreting a statute that may undo a prisoner's conviction renders the prisoner's initial § 2255 motion 'inadequate or ineffective.'" *Haskell*, 510 F. App'x at 744. The Tenth Circuit answered the question in the negative in *Prost*, holding that if "a petitioner's argument

challenging the legality of his detention could have been tested in an initial § 2255 motion[,] . . . then the petitioner may not resort to . . . § 2241." *Prost*, 636 F.3d at 584. The Tenth Circuit has concluded that although a petitioner may have benefitted from a cite to a Supreme Court decision announced after his § 2255 motion, this is not reason enough to find the original § 2255 motion "inadequate or ineffective." *See Prost*, 636 F.3d at 589; *Haskell*, 510 F. App'x at 745; *Sandlain*, 2017 WL 4479370, at *3 ("Nor does it matter that *Mathis* was not in existence at the time he filed his initial § 2255 motion").

The Tenth Circuit's new test in *Prost* also provides that § 2255 is not "inadequate or ineffective" merely because adverse circuit precedent existed at the time. *Abernathy*, 713 F.3d at 548 (citing *Prost*, 636 F.3d at 590–93); *Sandlain*, 2017 WL 4479370, at *3 ("[E]ven assuming there was contrary circuit precedent, nothing prevented him from raising the argument in his initial § 2255 motion and then challenging any contrary precedent via en banc or certiorari review."); *see also Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. June 5, 2018) (unpublished) (noting that anticipating *Mathis* and arguing it in the face of conflicting circuit precedent would be an "uphill battle," but petitioner "at least had the *opportunity* to take this path").

In *Abernathy*, the Tenth Circuit noted that although other circuits "have adopted somewhat disparate savings clause tests, most requir[ing] a showing of 'actual innocence' before a petitioner can proceed under § 2241. . . . Under the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy*, 713 F.3d at n.7 (citations omitted); *see also Sandlain*, 2017 WL 4479370, at *4 (finding that petitioner's claim that § 2255 is inadequate or ineffective because he is actually innocent of the career offender enhancement under *Mathis*, merely restates the argument he could have brought in his initial § 2255 motion, and possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence); *see also Brown*,

572 F. App'x at 608–09 (rejecting argument that petitioner is actually innocent and that the court's failure to follow the other circuits in *Prost* violated the Supreme Court's "fundamental miscarriage of justice" exception); *see also Wills*, 2022 WL 3041098, at *7 (noting that the Tenth Circuit has rejected the argument that claims of actual innocence based on a new statutory interpretation can be pursued under § 2241, notwithstanding the fact that the interpretation was not legally viable at the time of the initial § 2255 motion) (citing *Brace v. United States*, 634 F.3d 1167, 1170 (10th Cir. 2011) (observing that *Prost* foreclosed petitioner's argument)).

Petitioner acknowledges that there is a split among the circuits regarding the applicability of the savings clause, and argues that *Prost* was wrongly decided and should be overruled. (Doc. 2, at 8.)  However, this Court is bound by the Tenth Circuit's decision in *Prost*.[2]

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective.  *Wills*, 2022 WL 3041098, at *5 (citing *Prost*, 636 F.3d at 584); *Hale*, 829 F.3d at 1179.  Petitioner has failed to meet that burden.  The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction.  The Court declines to stay this case pending a ruling by the Supreme Court in *Jones v. Hendrix*.[3]  Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

---

[2] Petitioner urges this Court to "overturn" *Prost*.  This Court is bound by Tenth Circuit precedent.  *United States v. Spedalieri*, 910 F.2d 707, 709, n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits.") (citations omitted); *see also Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 n.6 (10th Cir. 2017) ("[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.") (quoting *Barnes v. United States*, 776 F.3d 1134, 1147 (10th Cir. 2015)).

[3] It is not clear that the Supreme Court's decision in *Jones* will address the issues underlying Petitioner's challenge to his sentence enhancement as a career offender.   The Supreme Court docket in *Jones* states the question presented as: "whether federal inmates who did not-because established circuit precedent stood firmly against them-challenge their convictions on the ground that the *statute of conviction* did not criminalize their activity may apply for habeas relief under § 2241 after this Court later makes clear in a retroactively applicable decision that the circuit precedent was wrong and that they are legally innocent of the *crime of conviction*."  *Jones v. Hendrix*, Case No. 21-857 (emphasis added).

**IT IS SO ORDERED**.

**Dated November 16, 2022, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
